IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Reuben Jackson, | ) | C/A No.: 0:08-894-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 2, 2009, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response in opposition on November 20, 2009, indicating that he opposes plaintiff's motion because the government's position in this case was substantially justified. Additionally, the defendant objects to the payment of attorney's fees to Charles Martin and Perrie Naides. Defendant indicates that neither Mr. Martin nor Ms. Naides are licensed to practice in South Carolina. The defendant indicates that neither attorney has filed an application for admission to the Court *pro hac vice* in this case, in disregard of the District of South Carolina Local Civil Rule 83.I.0, which requires out of state, non-resident attorneys to be admitted *pro hac vice* and associate with local counsel.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the

1

statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" in terminating social security benefits, for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984). In this case, upon recommendation of the Honorable Paige J. Gossett, United States Magistrate Judge, this Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. 405(g), and remanded the case to the Commissioner for further administrative action as outlined in the Report including to "(1) consider Jackson's rest limitation—whether Jackson requires *more than* one hour away from the work station—and whether it affects Jackson's residual functional capacity to the extent that he is disabled; (2) to address Dr. Scott's work absences restriction and to determine whether the number of absences reasonably to be expected as a result of Jackson's impairments would render him disabled; and (3) to reconsider Jackson's credibility in light of the issues on remand." After careful review, this Court believes on the record before it that an award of attorney's fees is appropriate.

Based on the foregoing and after considering the briefs and materials submitted by the parties, the Court overrules the defendant's response opposing the plaintiff's motion for attorneys fees. In reaching its decision, the Court notes that it has carefully considered the defendant's arguments regarding Mr. Martin and Ms. Naides not being licensed to practice in South Carolina, and not having filed an application for admission to the Court *pro hac vice* in this case. This Court has just addressed this issue in Jones v. Astrue, C.A. No. 4:09-cv-205-TLW, and allowed the plaintiff to recover the attorney's fees of the out of state counsel but stated that "in future cases before this Court, the plaintiff's

South Carolina counsel should petition the Court for admission *pro hac vice* for any and all out-of-state counsel for whom he intends to petition for attorney's fees."[1] (See Docket Entry # 15, entered January 6, 2010). The motion for attorney's fees now before the Court was filed before this Court issued its Order in Jones. Therefore, the Court holds as in Jones, that the plaintiff is entitled to EAJA attorney's fees for the work of attorneys Martin and Naides in this case. However, in future cases before this Court, the plaintiff's South Carolina counsel should petition the Court for admission *pro hac vice* for any and all out-of-state counsel for whom he intends to petition for attorney's fees.

Based on the foregoing, the Court concludes that plaintiff is entitled to attorney's fees under EAJA in the amount of $5,787.55. However, plaintiff's request for additional attorney's fees for preparation of the Reply brief is Denied.

**IT IS SO ORDERED**.

January 7, 2010
Florence, South Carolina

s/ Terry L. Wooten
Terry L. Wooten
United States District Judge

---

[1] In reaching its decision in Jones, the Court reviewed and carefully considered a number of opinions addressing this same issue with regards to Mr. Martin (and others). *See Tadlock v. Comm'r of Soc. Sec.*, No. 8:06-3610-RBH (D.S.C. April 9, 2009), *Thompson v. Comm'r of Soc. Sec.*, No. 0:07-1424-RBH (D.S.C. May 12, 2009)*, Freeman v. Astrue*, No. 0:06-02255-TLW-BM (D.S.C. July 24, 2008), *Pace v. Astrue*, No. 9:07-00546-SB (D.S.C. May 9, 2008), *Mortensen. v. Comm'r of Soc. Sec.,* No. 8:07-547-JFA (D.S.C. July 29, 2009), *Clowney v. Comm'r of Soc. Sec.*, 8:07-856-CMC (D.S.C. Sept. 15, 2008), and *Priestley v. Astrue,* No. 6:08-546-GRA (D.S.C. November 24, 2009).